IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHIRLEY SHERIDAN et al.,** | : | CIVIL ACTION |
| **Plaintiffs** | : | |
| | : | |
| **vs.** | : | |
| | : | |
| **NGK NORTH AMERICA, INC. et al.,** | : | |
| **Defendants** | : | No. 06-5510 |

M E M O R A N D U M   A N D   O R D E R

PRATTER, J.                                                                                                     NOVEMBER 14, 2007

In this class action lawsuit, Plaintiffs seek to establish a fund to provide medical monitoring to a certain class of residents of Reading, Pennsylvania who, Plaintiffs argue, were exposed to beryllium emitted into the air as a result of certain of the Defendants' negligence. Plaintiffs argue that each member of the proposed class has an increased risk of developing an adverse beryllium-related health effect due to his or her exposure to beryllium particulate released from a manufacturing facility in Reading (the "Reading Plant"), owned and operated by NGK Insulators, Ltd., NGK North American, and NGK Metals.[1] Defendant Spotts, Stevens & McCoy ("Spotts, Stevens") is an engineering firm that, according to the Complaint, "was involved in with [sic] and responsible for testing, sampling, analyzing, and monitoring the air quality and levels of beryllium" at the Plant. (Compl. ¶ 25.) Spotts, Stevens has moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for Plaintiffs' failure

---

[1] Plaintiffs claim that they and the members of the proposed class were exposed to airborne beryllium released from the Reading Plant during the period from the 1950's through 2000, with residential (environmental) exposures all occurring as the result of residing at locations and distances equal to or less than one mile from the Plant. (Compl. ¶ 26.) Plaintiffs allege that many Reading residents have already developed serious respiratory diseases, and some have died. These same Defendants have been sued by individual claimants in both the state and federal courts of Pennsylvania arising from claims involving allegations concerning Plant emissions.

to state claim upon which relief can be granted. In its motion, Spotts, Stevens argues that Plaintiffs' claim against it, which consists of a single negligence/medical-monitoring claim, must be dismissed because the Complaint neither alleges that Spotts, Stevens owed a legal duty to Plaintiffs, nor pleads facts from which such a legal duty may be inferred. For the reasons provided below, the motion will be granted and Plaintiffs' claims against Spotts, Stevens will be dismissed, with leave granted to Plaintiffs to amend their Complaint in accordance with this Memorandum.

### STANDARD

When deciding a motion to dismiss pursuant to Rule 12(b)(6), the Court may look only to the facts alleged in the complaint and its appropriate attachments. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1251, 1261 (3d Cir. 1994). The Court must accept as true all well-pleaded allegations in the complaint and view them in the light most favorable to the plaintiff. Angelastro v. Prudential-Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir. 1985). A Rule 12(b)(6) motion will be granted only when it is certain that no relief could be granted under any set of facts that could be proved by the plaintiff. Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir. 1988).

### DISCUSSION

Plaintiffs' Class Action Complaint, originally filed in the Court of Common Pleas of Philadelphia County and subsequently removed to federal court, alleges one count of "Negligence Medical Monitoring" against all of the Defendants. The Complaint alleges that Spotts, Stevens was involved with and responsible for testing, sampling, analyzing, and monitoring the air quality and levels of beryllium emissions at the Reading Plant. (Compl. ¶ 25).

Further, it alleges that Spotts, Stevens was responsible for advising defendants NGK Insulators, Ltd., NGK North America, NGK Metals, and their predecessors with regard to the air quality, and for informing and/or warning these entities of the results of the air samples and tests. (Compl. ¶ 25). Based on Spotts, Stevens' "testing, sampling, analyzing, and monitoring" air quality and accordingly "advising," "informing and/or warning" certain of the Defendants, Plaintiffs argue that Spotts, Stevens was negligent, and is liable under a medical-monitoring claim.

Under Pennsylvania law, a plaintiff must prove the following elements to prevail on a common law medical-monitoring claim:

1. exposure greater than normal background levels;

2. to a proven hazardous substance;

3. caused by the defendant's negligence;

4. as a proximate result of the exposure, plaintiff has a significantly increased risk of contracting a serious latent disease;

5. a monitoring procedure exists that makes the early detection of the disease possible;

6. the prescribed monitoring regime is different from that normally recommended in the absence of the exposure; and

7. the prescribed monitoring regime is reasonably necessary according to contemporary scientific principles.

Redland Soccer Club v. Dep't of the Army, 696 A.2d 137, 145-46 (Pa. 1997). As the third element listed above indicates, negligence is an essential component of a medical-monitoring claim, and an action in negligence is premised upon the existence of a duty owed by one party to another. Knoud v. Galante, 696 A.2d 854 (Pa. Super. 1997).

Plaintiffs' Complaint here does not allege that Spotts, Stevens owed a legal duty to the Plaintiffs. Spotts, Stevens' motion to dismiss clearly challenges that omission. Notably, Plaintiffs' response to Spotts, Stevens' motion falls short of actually arguing that Spotts, Stevens owed such a duty to the Plaintiffs in this case. Instead, Plaintiffs argue that "the very nature of [Spotts, Stevens'] work [at the Reading plant] obligated [Spotts, Stevens] to protect the Plaintiffs and the class from dangerous beryllium emissions." (Pl. Mem. Resp. 5.) Plaintiffs claim that Spotts, Stevens' services were rendered with the recognition that their services were being provided to ensure compliance with federal emissions standards the purpose of which is to protect the public welfare. (Pl. Mem. Resp. 5-6.)

Plaintiff's Complaint does not include any allegation that Spotts, Stevens owed a duty to any third party, including the Plaintiffs in this case. The Complaint merely alleges that Spotts, Stevens performed an engineering service for certain of the NGK defendants, and advised those defendants of the results of the tests Spotts, Stevens performed. Based on the facts as pleaded by the Plaintiffs, it would not be reasonable to infer confidently that Spotts, Stevens owed any legal duty to the Plaintiffs. Because Plaintiffs' medical-monitoring claim hinges on proof of each defendant's negligence, an element of which is a duty owed to the Plaintiffs, Plaintiffs have not stated a claim in this Complaint upon which relief can be granted in Plaintiffs' favor as against Spotts, Stevens. Accordingly, Plaintiffs' claims against Spotts, Stevens will be dismissed.

In their Response, Plaintiffs requested leave to amend their Complaint in the event the Court dismissed their claims against Spotts, Stevens. Specifically, Plaintiffs seek to amend their Complaint in order to plead with sufficient clarity that they are proceeding under § 324A of the

Restatement (Second) of Torts.[2]  Plaintiffs' request will be granted.

**CONCLUSION**

For the foregoing reasons, Plaintiffs' claims against Spotts, Stevens will be dismissed. Plaintiffs will have ten days to amend their Complaint in accordance with this Memorandum. An Order consistent with this Memorandum follows.

---

[2] Section § 324A – Liability to Third Person for Negligent Performance of Undertaking – of the Restatement (Second) of Torts provides as follows:
> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if
> (a) his failure to exercise reasonable care increases the risk of such harm, or
> (b) he has undertaken to perform a duty owed by the other to the third person, or
> (c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

Restatement (Second) of Torts § 324A (1977).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHIRLEY SHERIDAN et al.,** : | **CIVIL ACTION** |
| Plaintiffs : | |
| : | |
| vs. : | |
| : | |
| **NGK NORTH AMERICA, INC. et al.,** : | |
| Defendants : | No. 06-5510 |

**O R D E R**

    **AND NOW**, this 14th day of November, 2007, upon consideration of Defendant Spotts, Stevens & McCoy, Inc.'s Motion to Dismiss Plaintiffs' Complaint (Docket No. 13), and Plaintiffs' response thereto (Docket No. 29), for the reasons provided in the accompanying Memorandum, **IT IS ORDERED** that the Motion (Docket No. 13) is **GRANTED**, and Plaintiffs' Complaint is **DISMISSED** as to Defendant Spotts, Stevens & McCoy, Inc.

    **IT IS FURTHER ORDERED** that Plaintiffs shall have ten (10) days from the date of this Order to amend the Complaint in accord with the Memorandum of the Court of even date.

    The Oral Argument previously scheduled for December 5, 2007 at 4:00 p.m. is **CANCELLED**.

                                                      BY THE COURT:

                                                      S/Gene E.K. Pratter
                                                      GENE E.K. PRATTER
                                                      United States District Judge